JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramiro Ramirez, | No. CV 05-3668-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al. | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendant Arpaio moved to dismiss for lack of exhaustion (Doc. #8). Plaintiff responded and Defendant replied (Doc. ##10, 11). The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by inadequate food, lack of medical care, and unsanitary conditions due to severe overcrowding at the county jail[1] (Doc. #1 at 4-6). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##4, 8).

In his motion, Defendant contends that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #8). In support, he submits the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Ex. 1, Doc. #8). Tademy attests that inmates are provided a copy of the "MCSO [Maricopa County Sheriff's Office] Rules and Regulations for Inmates" which

---

[1] Upon Screening, the Court dismissed Durango Jail Captain Peterson and Arizona Governor Janet Napolitano as Defendants (Doc. #4).

1    outlines the grievance procedures (Tademy Aff. ¶ 4). She further attests that inmates may
2    grieve all issues concerning the conditions of confinement, and that detention officers pass
3    out grievances as part of their daily duties (Id. ¶ 5). According to the sheriff's office records,
4    Plaintiff did not file any grievances during his confinement at the county jail (Id. ¶ 7). In
5    addition to the exhaustion argument, Defendant asserts that, as Sheriff, he is not responsible
6    for healthcare in the jails (Doc. #8 at 4). Also attached to the motion was a copy of the
7    Inmate Grievance Procedure, Policy DJ-3, and two pages from the "Rules and Regulations
8    for Inmates" (Exs. A-B, Doc. #8).

9    The Court issued an order informing Plaintiff of his obligation to respond and the
10   quantum of evidence necessary to successfully rebut Defendant's contentions (Doc. #9).
11   Plaintiff filed a response in which he requests the appointment of counsel in this matter (Doc.
12   #10). He asserts that he was denied grievance forms, except once when he filed a grievance
13   that was not responded to, presumably because it was written in Spanish (Id.). Plaintiff
14   alleges that a medical request he submitted was ignored, as were his requests for an
15   interpreter to assist with the grievance process (Id.). In response to Defendant's claim that
16   he is not responsible for medical care, Plaintiff argues that Defendant is liable if he prohibits
17   an inmate from receiving medical care when it is requested. Finally, Plaintiff argues that
18   since he is no longer in custody of the county jail, there are no remedies available to him.

19   In his reply Defendant contends that Plaintiff failed to identify who denied his
20   requests for grievance forms, and that Plaintiff had numerous opportunities to obtain
21   grievance forms (Doc. #17 at 2). Defendant points out that Plaintiff's medical request forms
22   seeking dental care were all responded to by jail staff.

23   **II. Request for Appointment of Counsel**

24   There is no constitutional right to appointment of counsel in a civil case. See Ivey v.
25   Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment
26   of counsel in a civil rights case is required only when exceptional circumstances are present.
27   Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th
28   Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the

likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id. Here, the Court finds no exceptional circumstances. Plaintiff's action is being dismissed for failure to exhaust available administrative remedies prior to bringing this suit. The grounds for dismissal would be the same if Plaintiff was represented by counsel. Appointment of counsel is unnecessary and Plaintiff's request will be denied.

### III.  Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

Contrary to Defendant's assertion, the administrative exhaustion requirement does not require dismissal of the entire action when a prisoner brings a § 1983 action containing both unexhausted and exhausted claims. The "total exhaustion" rule was rejected by the Ninth Circuit in Lira v. Herrera, 427 F.3d 1164, 1173-75 (9th Cir. 2005), petition for cert. filed, 74 U.S.L.W. 3425 (2006). The validity of the "total exhaustion" rule is presently pending before the Supreme Court in Williams v. Overton, 136 Fed. Appx. 859, 2005 WL 1514102

(6th Cir. 2005) (unpublished), <u>cert. granted</u>, 126 S. Ct. 1463 (March 6, 2006). Until the Supreme Court decides to the contrary, the binding precedent in this circuit is that only unexhausted claims are dismissed, not the entire action. <u>Lira</u>, 427 F.3d at 1175-76.

**IV. Analysis**

Initially, Defendant's argument that he is not responsible for healthcare in the jails is unpersuasive, and is unrelated to the issue of exhaustion. <u>See</u> <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference may be shown when a jail official denies, delays, or intentionally interferes with treatment).

As to the exhaustion of administrative remedies, Defendant bears the burden of specifying what remedies were "available" to Plaintiff. <u>Brown</u>, 422 F.3d at 936-37. Despite Defendant's claim that Plaintiff failed to provide any evidence to show that he was denied access to the grievance process, Plaintiff asserted in his verified Complaint that he was told by detention officers that his claims were not grievable (Doc. #1 at 4, 6). But Plaintiff only provides general allegations that detention officers told him his claims were not grievable (<u>Id.</u>; Doc. #10 at 2). He has not alleged exactly what transpired when he attempted to grieve, nor has he specified who informed him that he could not submit grievances for his claims.

Without more, Plaintiff's allegations are insufficient to overcome Defendant's evidence showing that a grievance system was available at the jail for Plaintiff's claims. Defendant proffered the sworn statement of a Hearing Officer who established that officers readily pass out grievances and that it is against department policy for a detention officer not to accept an inmate grievance (Tademy Aff. ¶ 5, Doc. #8). Moreover, the DJ-3 Policy provides that the Rules and Regulations are available in both English and Spanish (Ex. A, Doc. #8).

Plaintiff's contention that he is not subject to the PLRA's exhaustion requirement because he is no longer in the custody of the jail is without merit. Because Plaintiff was a "prisoner" at the time he filed this action, he is subject to the exhaustion requirement of the PLRA. <u>See</u> 42 U.S.C. § 1997e(a) (providing that a § 1983 action shall not be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative

1 remedies as are available are exhausted"); <u>Vaden</u>, 449 F.3d at 1050-51 (providing that a
2 prisoner must exhaust his remedies *before* filing suit). Subsequent release from confinement
3 does not terminate the exhaustion requirement.
4     The record demonstrates that, despite the existence of a grievance system, Plaintiff
5 did not file any grievances while confined at the jail. Plaintiff was required to use the
6 available process. Had he done so and received a rejection, all available remedies would
7 have been exhausted. Accordingly, Plaintiff has failed to rebut Defendant's claim that
8 administrative remedies were not exhausted.

9 **IT IS ORDERED:**

10     (1) Plaintiff's request for appointment of counsel (Doc. #10) is **denied**.

11     (2) Defendant's Motion to Dismiss (Doc. #8) is **granted**. Plaintiff's action is
12 dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a
13 judgment of dismissal accordingly.

14     DATED this 12th day of October, 2006.

*[Signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge